STATE of Tennessee, Appellee,

v.

Richard Paul McNATT, Appellant,

Court of Criminal Appeals of Tennessee,
at Jackson.

Nov. 28, 1984.

Permission to Appeal Denied by
Supreme Court May 13, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, John Overton, Asst. Dist. Atty. Gen., Memphis, for appellee.

Roger A. Stone, Memphis, for appellant.

OPINION

O'BRIEN, Judge.

The case comes from the Shelby County Criminal Court. Defendant pled guilty to driving on a revoked license and to driving under the influence. He was given a Six Hundred Dollar ($600) fine and sentenced to serve ten days, and ninety days in the Shelby County Workhouse on the respective judgments. The sentences were made concurrent with forty-five days to be suspended. He was placed on eleven months and twenty-nine days probation and his driver's license was suspended for two years. The trial court directed that the defendant should be continuously confined in the local workhouse for a period of forty-five days.

A motion to allow defendant to serve his forty-five day jail sentence on weekends was denied. In the order denying the motion the court recited that T.C.A. § 55–10–403, giving the trial judge in his discretion the authority to require an individual convicted of a violation of the DWI laws to remove litter from the State Highway System, public playgrounds, public parks or other appropriate locations, etc., after service of at least the minimum sentence *day for day*, to mean that the minimum sentence must be served *day to day, consecutively*.

Defendant insists that the phraseology in the statute, "[a]fter service of at least the minimum sentence day for day", is ambiguous, and leaves the trial judge with the discretion to allow the sentence to be served in some other form of succession than continually without intermission.

Our appellate courts have consistently ruled, at least by implication, that the terminology in the statute *"day for day"* means that a defendant must serve the minimum sentence provided by law in consecutive fashion before being entitled to any discretionary relief.[1]

T.C.A. § 55–10–403(b)(1) specifically holds:

"No person charged with violating the provisions of §§ 55–10–401—55–10–404 shall be eligible for suspension of prosecution and dismissal of charges pursuant to the provisions of §§ 40–15–102—40–

---

1. *State v. Darryl Lowe,* (Tenn.Cr.App. Knoxville 9/12/83), appeal denied 11/28/83, defendant sought work release; *State v. David Ginnings,* (Tenn.Cr.App. Knoxville Feb. 1984), application for probation on a DUI guilty plea.

15–106 or for any other pretrial diversion program nor shall any person convicted under such sections be eligible for suspension of sentence or probation pursuant to § 40–21–101 or any other provision of law authorizing suspension of sentence or probation until such time as he has fully served day for day at least the minimum sentence provided by law."

Construing the applicable provisions of T.C.A. § 55–10–403(a)(1) with paragraph (b)(1), above, we conclude that it was the intent of the Legislature by the language utilized in the Code Section that no person convicted for driving under the influence of an intoxicant or drug would be eligible for any of the discretionary reliefs set out in the statute until they had served the minimum sentence provided by law in consecutive fashion, day for day.

The judgment of the trial court is affirmed.

DUNCAN and TATUM, JJ., concur.

